KAREN NELSON MOORE, Circuit Judge,
concurring.
I agree that under the applicable federal and state standards of review, the judgment of the district court should be affirmed. I would add to the reasoning of the district court’s August 3, 2005 order on two issues.
*446 First, the district court denied a request by Defendant Quest Diagnostics, Inc. (“Quest”) to instruct the jury that they were free to draw an inference against Plaintiff Morven Burnett (“Burnett”) because he had destroyed some documents related to his job searches. The district court refused the request because Quest’s counsel did not cross-examine Burnett on this issue, but Quest argues that Burnett’s testimony on direct examination warranted the instruction. I find it doubtful that Michigan law would call for such an instruction when a job seeker does not retain every particular document related to his job search, absent some showing of deliberate concealment. See Johnson v. Austin, 406 Mich. 420, 280 N.W.2d 9, 14 (1979). Moreover, even if an instruction were appropriate, this error was not significant enough to imply that the instructions as a whole were confusing, misleading, or prejudicial. See Toth v. Grand Trunk R.R., 806 F.3d 335, 351 (6th Cir.2002).
Second, the August 3, 2005 order did not address Quest’s argument that the district court committed reversible error by refusing to admit 258 pages of newspaper ads for medical sales positions. I believe that the district court acted within its discretion to conclude that the ads, like the labor statistics that were also excluded, were too ill-defined a selection to be more than marginally probative of Burnett’s individual situation, given his particular job skills and the uncertain scope of his non-compete agreement with Quest, and could easily confuse the issues or be unfairly prejudicial. Fed. R. Evid. 403. Additionally, the limited probative value of both the ads and statistics made any error harmless.